UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **DARREN B. HAMBY,** | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 2:21-cv-00032 |
| **STATE OF TENNESSEE,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Darren B. Hamby, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on July 7, 2021, in the United States District Court for the Eastern District of Tennessee. (Doc. No. 1). Several weeks later, Petitioner filed an application for leave to proceed in forma paupers (IFP) (Doc. No. 7) and a second petition that was docketed as a supplemental pleading. (Doc. No. 5).

On August 9, 2021, the case was transferred to the Middle District. (Doc. Nos. 9, 10).

### I. Application for Pauper Status

Because Petitioner's IFP application reflects that he did not have sufficient financial resources to pay the five-dollar filing fee at the time he filed his original or supplemental petitions, the application (Doc. No. 7) is **GRANTED**.

### II. Review of the Petition

The Petition is now before the Court for a preliminary review. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Under Habeas Rule 4, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See also Crump v. Lafler, 657

F.3d 393, 396 n.2 (6th Cir. 2011) (citing McFarland v. Scott, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). Indeed, "[d]istrict courts have a 'duty to screen out [habeas petitions] which should be dismissed,'" including "for lack of exhaustion" of state-court remedies. Shah v. Quintana, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)); see also Clinkscale v. Carter, 375 F.3d 430, 436 (6th Cir. 2004) (recognizing courts' "authority to raise and consider the issue of exhaustion sua sponte") (citing Harris v. Rees, 794 F.2d 1168, 1170 (6th Cir. 1986)).

A state prisoner generally must exhaust all available state court remedies to obtain relief through a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); In re Bowen, 436 F.3d 699, 701 (6th Cir. 2006) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Clinkscale, 375 F.3d at 437 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39). A federal habeas petitioner "bears the burden of showing that state court remedies have been exhausted." Nali v. Phillips, 681 F.3d 837, 852 (6th Cir. 2012) (citing Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, the face of the Petition reveals that, following Petitioner's guilty plea to aggravated burglary in Cumberland County Criminal Court, he was sentenced to a term of incarceration on March 15, 2021. (Doc. No. 1 at 1). By checking "No" in the relevant fields of the Petition, Petitioner indicated that he did not file a direct appeal or any other petitions or motions in state

2

court. (Id. at 2, 3). He specifically denied having raised his habeas claims in any state post-conviction proceeding, explaining that he did not understand how to do so. (Id. at 5–7).

In addition, the Court notes that Petitioner attached a handwritten "Petition for Writ of Habeas Corpus" to his form Petition under Section 2254. (Doc. No. 1 at 15–18). Both the handwritten petition and Petitioner's supplemental petition (Doc. No. 5) appeal to Tennessee law and are captioned for filing in the courts of Cumberland County. In fact, the supplemental petition utilizes the Tennessee form for filing a petition for post-conviction relief and is styled "Petition for Relief from Conviction or Sentence." (Id. at 1). However, neither the record in this case nor a review of the Cumberland County Online Court Records System indicates that Petitioner has succeeded in commencing post-conviction proceedings in state court. See https://cumberland.tncrtinfo.com/crCaseList.aspx (last visited August 26, 2021) (recording most recent disposition involving Darren Bryce Hamby on March 15, 2021). Further review of Petitioner's federal Petition is therefore precluded.

**III.     Conclusion**

Upon preliminary review, it plainly appears from the face of the Petition and its attachments and supplements that Petitioner is not entitled to federal habeas relief due to his failure to exhaust available state remedies. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner's ability to file another petition under Section 2254 in the future, after he has exhausted his remedies in state court.

Because this constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner

3

Case 2:21-cv-00032   Document 15   Filed 08/27/21   Page 3 of 4 PageID #: 64

must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Dufresne v. Palmer, 876 F.3d 248, 253 (6th Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The Court concludes that Petitioner has not satisfied this standard, and therefore **DENIES** a certificate of appealability. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

For Petitioner's benefit in pursuing relief in state court, the Clerk **SHALL** include copies of his original and supplemental petitions (Doc. Nos. 1 and 5) with the mailing of his service copy of this Order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE